## 10441

### STATE v. STAUSS.

#### (103 S. E. 769.)

1. CRIMINAL LAW—DEFENDANT, BY FAILURE TO GIVE NOTICE OF INTENTION TO APPEAL, WAIVED RIGHT TO RAISE UNCONSTITUTIONALITY OF SUSPENDED SENTENCE.—Where defendant, given a suspended sentence, failed to give notice of intention to appeal within ten days after the rising of the Court which imposed the sentence, as required by Code Civ. Proc. 1912, sec. 384, he waived the right to raise the question whether the sentence was violative of Const., art. I, sec. 14, as an attempt of the judicial department to exercise executive and legislative power.

2. CRIMINAL LAW—COURT DID NOT ERR IN LEAVING DEFENDANT ONLY ONE DAY TO PREPARE CASE ON RETURN OF RULE TO SHOW CAUSE.— Judge who vacated conditions of suspended sentence imposed on defendant for violation of dispensary law and ordered it to become immediately effective *held* not to have erred as matter of law through refusing defendant sufficient time to obtain counsel and witnesses, in violation of Const. S. C., art. I, sec. 18, and Const. U. S. Amend. 6, by fixing time within which defendant was required to make return to rule to show cause so as to leave him legally only one day in which to prepare case.

3. CRIMINAL LAW — FINDINGS OF FACT NOT REVIEWABLE BY SUPREME COURT.—The findings of fact by the Circuit Court on return of rule to show cause why the conditions of a suspended sentence should not be vacated are not reviewable by the Supreme Court, except on showing the Circuit Court Judge erroneously exercised his discretion.

Before MEMMINGER, J., Charleston, Summer term, 1919. Affirmed.

W. C. Stauss was indicted and convicted of a violation of the dispensary law in 1915 and sentenced, but a part of the sentence suspended on terms. Upon a violation of such terms the suspended portion of said sentence was revoked and from the order of revocation, the defendant appeals.

*Messrs. Paul M. MacMillan* and *J. D. E. Meyer,* for appellant, cite: *If matter was special proceeding, proper way to bring defendant to the Court was by rule to show cause* (Code Proc., secs. 440, 441); *but upon four days'*

*notice unless moving papers showed reason for shorter time:* Rule LVII, Circuit Court Rules; *and supported by affidavit or other proof:* 14 Enc. P. & P. 147. *And the affidavit served on defendant: Ibid.* 156. *And moving party is confined to allegations of the affidavit served with the notice:* 53 S. C. 106; 49 S. C. 214. *Statutory provisions and rules of Court must be strictly complied with:* 7 S. C. 240; 9 S. C. 283; 35 S. C. 417; 37 Cyc. 529; 16 S. C. 628; 24 S. C. 119; 14 S. C. 35; 49 S. C. 214; 103 S. C. 505. *Provision in first sentence for subsequent trial "by such means as to the Court seems fit" was violation of the due process of law provision:* 53 S. C. 259; 8 Cyc. 1084; 8 Cyc. 1087. *Defendant not properly informed of nature of charges against him:* Const. 1895, art. I, sec. 18; 54 S. C. 286. *Where there is variance between crime alleged and that proven, there should be an acquittal:* 14 Rich. 76; 15 Rich. 310; 15 Rich. 316; 5 S. C. 65; 20 S. C. 351; 31 S. C. 156. *Force and effect of affidavit in rule to show cause:* 49 S. C. 214. *And it should state clearly the facts on which charge is based:* Art. I, sec. 18, Const. 1895; Art. VI, Const. U. S.; Rule LVII, Circuit Court. *Offense of selling more severe than maintaning place where liquor is sold:* Secs. 811, 820 Crim. Code. *Act permitting Circuit Judges to suspend sentences (27 Stat. 773) is in violation of Const. 1895, art. I, sec. 14. Limitations on delegation of judicial, executive and legislative powers by the legislature:* 54 S. C. 1; 84 S. C. 552; 76 S. C. 395.

In reply: *Act allowing suspended sentence unconstitutional:* 182 Pac. 927; 4 Pac. 735; 19 N. W. 571; 30 S. E. 858; 42 L. R. A. 190; 46 Fed. 748; 67 N. E. 23; 63 L. R. A. 82; 122 N. W. 829; 24 L. R. A. (N. S.) 625.

*Mr. Thos. P. Stoney, Solicitor,* for respondent, cites: *Findings of Circuit Judge on facts is final:* 107 S. C. 345. *Statute should not be declared unconstitutional unless it is*

*made to appear beyond a reasonable doubt:* 89 S. E. 1028
(S. C.). *Act sustained:* 108 S. C. 455, 471. *Procedure here
approved:* 107 S. C. 413; 109 S. C. 407; 108 S. C. 471.
*Continuance within discretion of the Court:* 11 Rich. 153;
13 S. C. 453; 10 S. C. 453; 19 S. C. 85; 21 S. C. 91; 66 S.
C. 402; 88 S. C. 98. *Judge sole judge of sufficiency of evi-
dence:* 47 S. C. 74. *Suspended sentence upon revocation
was to take effect at once:* 109 S. C. 406.

July 26, 1920.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This is an appeal from the following order:

"This matter comes before me on a rule to show cause,
issued on the 3d day of June, A. D. 1919, requiring the
defendant, W. C. Stauss, to show cause before me why the
conditions of a suspended sentence for violation of the dis-
pensary law imposed upon defendant by his Honor, Mendel
L. Smith, presiding Judge of this Court at the September,
1915, term of this Court, should not be vacated, and such
sentence become forthwith effective. The sentence imposed
on the defendant by his Honor, Judge Mendel L. Smith,
together with the conditions thereof, is as follows:

" 'It is the judgment and sentence of the Court that the
within named W. C. Stauss be confined at hard labor upon
the public works of the county of Charleston for a term of
12 months, or for a like term at hard labor in the State pen-
itentiary.

" 'It is further ordered and adjudged, however, that 8
months of the sentence herein pronounced be, and the same
is hereby, suspended upon the conditions hereinafter
imposed, that is to say, upon the payment to the clerk of the
Court of said county the sum of $150, or a service of a term
of 4 months at hard labor on the public works of the county
of Charleston, or a like period at hard labor in the State

penitentiary, and upon the further express condition that the within named W. C. Stauss shall not in any way violate any of the laws of this State, or municipal ordinances, relating to alcoholic liquors, whether of a regulative or prohibitive nature, either directly or indirectly, or through the means of any form of agency or copartnership, or any other form or method of business so designed, and shall not in any manner use, or knowingly become a party to the use of, any premises, or engage in any manner or form in any business, whereby such laws or ordinances shall be violated; and in the event that it is brought to the attention of the Court that such terms and conditions, or any of them, are not being observed, and the Court shall, upon an investigation thereof in such manner as shall to it seem proper, conclude that the terms and conditions as hereinabove set forth have been in whole or part violated, then the suspension of sentence as herein imposed shall thereupon immediately cease, and the within named W. C. Stauss shall forthwith suffer and undergo the sentence of the Court as above imposed, that is to say, shall be confined at hard labor upon the public works of the county of Charleston for the remainder of said term, namely, 8 months, or for a like period in like manner in the State penitentiary. (Signed)   Mendel L. Smith, Presiding Judge.   October 23, 1915.'

"After hearing testimony of witnesses for the State and the statement of the defendant, and upon careful consideration of the entire evidenced produced before me, I am satisfied that the defendant, W. C. Stauss, has, since the sentence before referred to, violated the laws of the State relating to alcoholic liquors, and that the terms and conditions of the said sentence have been violated.

"It is, therefore, ordered that the conditions of the sentence of this Court hereinabove referred to be, and the same are hereby, vacated, and that the said sentence be and become immediately effective, that is to say, that the said

defendant, W. C. Stauss, be confined at hard labor on the public works of Charleston county for the period of 8 months, or for a like period in the State penitentiary. (Signed) R. W. Memminger, Presiding Judge."

The defendant appealed upon the following exceptions:

"(1) That the suspended sentence of Judge Mendel L. Smith is unconstitutional, in violation of section 14, article I, of the Constitution of South Carolina, in that it was an attempt to exercise the executive and legislative power by the judicial department.

"(2) That his Honor, Judge R. W. Memminger, erred as a matter of law in refusing the defendant sufficient time to obtain counsel and witnesses, in violation of section 18, article I, of the Constitution of the State of South Carolina, and in violation of article VI of the amendments of the Constitution of the United States.

"(3) That his Honor, R. W. Memminger, erred as a matter of law in refusing to dismiss the rule when the evidence showed that the allegations of the affidavit on which the rule was issued were false, and in requiring defendant to meet other issues of which he had no notice, in violation of section 18, article I, of the Constitution of the State of South Carolina, and in violation of article VI of the amendments of the Constitution of the United States.

"(4) That his Honor, Judge R. W. Memminger, erred as a matter of law in declaring the conditions of the suspended sentence violated when there was absolutely no evidence to support such finding, and thereby deprived the defendant of due process of law."

The first ground of appeal cannot be considered, by reason of the fact that the appellant waived the right to raise such question by his failure to give notice of intention to appeal within ten days after the rising of the Court which imposed the original sentence upon him. See section 384 of the Code.

30—S. C. 114

The practical question presented by the second exception is whether his Honor, the Circuit Judge, erroneously exercised his discretion in fixing the time within which the defendant was required to make return to the rule to show cause. It is true the time was very short, but there was a failure on the part of the appellant to show that the limited time was prejudicial to his rights. He was served with a copy of the rule to show cause on the 3d of June, 1919, and it was made returnable on the 5th of June, 1919.

The following statement appears in the record:

"On the morning of the return day counsel for the defendant appeared in Court and requested a continuance of 24 hours, in order to properly prepare their case and the return to the rule, which said continuance was refused by Hon. R. W. Memminger, presiding Judge, although Court would still be in session for the remainder of the week.

"At 4 o'clock p. m., June 5, 1919, the defendant appeared in Court with his counsel in response to the rule.

"Counsel called the attention of the Court to the fact that the 3d day of June, under the law, was a legal holiday, and that the service on the 3d would count as service on the 4th, and that, since in counting the service of a legal process the first day of service is not counted, but the day of the day of the return is counted, the defendant legally only had the 5th day of June, which was the return day, in which to prepare his case. In addition, the defendant had advised counsel that he had a witness at the Charleston Navy Yard, but owing to the lack of time counsel had not been able to get in touch with him. The Court thereupon made the following remarks:

" 'The Court: The Court feels that no blame is to be attached to counsel, but this rule was served on the defendant on the 3d of June, and he could have retained counsel; there are many lawyers around here who are glad to get a fee, and if he did not see fit to have prepared himself to

make a showing at the time fixed it is his own carelessness. The Court feels that if it were to grant a continuance on that ground that it would be very indefinite when the case would ever be tried, as there would always be some vague witness at the navy yard.'

"Counsel for the defendant thereupon stated:

" 'Mr. Meyer: There may be many counsel on the street, but a defendant has a right to select his counsel, and if he is not able to get in touch with the counsel he wishes to represent him that is not his fault. We are only asking for one day.'

"To which the Court replied:

" 'The Court: The Court does not agree with the counsel, but thinks a fair opportunity has been given.' "

His Honor, the Circuit Judge, was familiar with the surroundings and was convinced that the motion for a continuance was intended merely for delay, and the appellant's attorneys have failed to satisfy this Court to the contrary.

We proceed to the consideration of the third exception.

The findings of fact by his Honor, the Circuit Judge, are not reviewable by this Court unless it was made to appear that he erroneously exercised his discretion, which has not been shown.

What has already been said disposes of the last exception. Appeal dismissed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. JUSTICE WATTS. I do not concur in whole in Chief Justice's opinion. I think his Honor was in error in not giving appellant's attorneys more time to prepare their defense, and that he abused his discretion in not doing so.

His Honor was presiding in his own Circuit; he lived there. The time allowed defendant, under the rule, was

short. A legal holiday intervened, and defendant could not find his attorneys. He was up against a serious proposition.

He employed the honored Judge of the City Court and a veteran of the World War, who had been overseas. His Honor must have known that they would not impose on the Court and ask for the 24 hours to get ready their defense simply for delay, and their very reasonable request should have been granted, under the circumstances of the case, and in my opinion his Honor abused his discretion in not doing so; and for this reason the order appealed from should be reversed.