### 13899

### ROBERTSON v. COOPER *ET AL.*

(175 S. E., 524)

*Messrs J. Gordon Hughes* and *Hemphill & Hemphill,* for appellant,

*Messrs. McDonald, Macaulay & McDonald* and *A. L. Gaston,* for respondent,

August 6, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case the Court adopts, in the main, the agreed statement of counsel appearing in the transcript of record.

The action, by E. R. Robertson, as plaintiff, against the defendant Carl C. Cooper, doing business as Cooper Furniture Company, and also the defendant J. C. Hudson, was commenced, by summons and complaint, in the Court of Common Pleas for Chester County, October 19, 1931. Separate answers were filed by the defendants. The complaint alleged, in substance, that during the year 1928, the plaintiff had, by three separate contracts, purchased from the defendant Cooper certain articles of household furnishings, and in each instance plaintiff had signed a chattel mortgage to secure to Cooper the payment of the purchase price; that the aggregate of said purchase price for said goods amounted to the sum of $82.40, and that thereafter

the plaintiff, from time to time, in small payments, paid to the defendant Cooper the total sum of $69.00; that on January 22, 1931, two of the agents of the defendant Cooper came to the home of the plaintiff, in Chester, S. C., and demanded that they pay him, that is, pay them, the said agents for Cooper, a sum of money in excess of what he owed Cooper, and at the said time threatened that unless the sum so demanded was not paid by the plaintiff that they, said agents of Cooper, would repossess and carry away said personal property; that thereupon plaintiff informed said agents of Cooper that he could not pay the amount demanded, but stated that he would pay a portion of what he owed if allowed time to make arrangements; that thereupon said agents demanded possession of said goods, which possession the plaintiff refused; whereupon said agents left the vicinity of plaintiff's home; that after leaving plaintiff's home said agents of Cooper prepared what purported to be summons, complaint, and bond in claim and delivery proceedings, it being in that connection alleged that the bond was not signed by Cooper and was therefore void, and said agents, finding the magistrate for the City of Chester absent, and for the purpose of getting possession of said property and enriching Cooper, their principal, delivered said pretensive claim and delivery papers into the hands of the codefendant, J. C. Hudson, who was the magistrate's constable, and persuaded and induced the said constable, J. C. Hudson, to accompany them back to plaintiff's home so as to afford the said agents the pretense of making a lawful seizure of plaintiff's said property; and the plaintiff alleged in his complaint that the agents of Cooper then returned to plaintiff's home and demanded admission thereto, and upon being again refused admission, plaintiff was informed by said agents and/or constable that resistance was useless, and that they were armed by claim and delivery papers; that plaintiff, being overawed by the presence of said constable and believing that said agents had obtained legal papers,

made no further resistance; and that said agents and said constable entered plaintiff's home and seized the mortgaged furniture and furnishings and carried same away. The plaintiff, further, alleged in his complaint in the cause that said entry into plaintiff's home was made after he had notified said agents that his wife was in a delicate condition and should not be disturbed, and it was claimed that as a result of said entry and seizure of said property that the plaintiff had been humiliated and he and his wife and children left destitute and without sleeping accommodations and deprived of means of cooking the evening meal, and that plaintiff and his family would have been compelled to remain cold and hungry had not some of his neighbors furnished him and his family with board and lodging for some time as a matter of charity. The plaintiff, further, in his said complaint set forth that the said agents of Cooper, after obtaining possession of said mortgaged chattels, failed to leave the same in the custody of an officer of the law for three days, but on the contrary loaded said goods on a truck, and transported them to Union, S. C., and that the defendant Cooper had converted same unto his own use and made no accounting to the plaintiff therefor, and that Cooper had refused, notwithstanding a telegraphic demand, to return said goods to the plaintiff; and plaintiff, further, alleged that the entry into plaintiff's home over his protest and the seizure and taking away of said property was an illegal, willful, wanton, and malicious trespass, as a result of which plaintiff had been humiliated and damaged in the sum of $5,000.-00.

The defendant Hudson, in answering the plaintiff's allegations, entered a general denial, and denied any knowledge or information sufficient to form a belief as to the transactions between plaintiff and Cooper, and for a further defense alleged that on the 22nd day of January, 1931, the agents of Cooper went to the office of Magistrate Davidson whose constable he (Hudson) was, and placed in his hands

claim and delivery papers for service, which papers he alleged had been duly and legally prepared and which papers commanded that he (Hudson) take possession of plaintiff's said furniture, and that, feeling that it was his duty so to do, he served said papers on the plaintiff and took possession of said furniture. The defendant Hudson, in his answer, specifically denied that plaintiff had protested against the taking of said furniture, but to the contrary alleged that plaintiff had designated and delivered the property mentioned and described in the claim and delivery papers. While admitting that Magistrate Davidson was absent from his office on account of illness, Hudson alleged that it had long been the custom and that he had been authorized by said Magistrate that whenever legal papers were brought to the said Magistrate's office for service during the absence of the Magistrate that he (Hudson) should serve the copies of the papers on the person of each defendant, and that the Magistrate "should sign the original process upon his return to the office." Defendant Hudson specifically denied that his entry into plaintiff's home was illegal, willful, or wanton, but, on the contrary, alleged that he entered by virtue of legal authority as was his duty as an officer of the law to do, and that he did nothing more than was his duty as an officer to do, and that he in no wise injured or wronged the plaintiff. The defendant Cooper, in answering plaintiff's complaint, entered a general denial, and, for a further defense, alleged that he was and had been doing business under the name alleged by the plaintiff; that in 1928 he had sold to the plaintiff the property in question, under conditional contracts; that upon default of payment by plaintiff, according to the said contracts, the defendant Cooper made demand for the amount of purchase money long overdue. or for the possession of said property, and that on refusal of said demand, he had sought and secured legal advice, had had his attorney prepare proper papers for service upon the plaintiff; that said papers had been

carried to the office of the Magistrate at Chester, S. C., for signature and service and duly filed in said Magistrate's office, and that thereafter the Magistrate's constable had accompanied his agents to the home of the plaintiff, where plaintiff, without objection, freely and willingly agreed to deliver up the merchandise in question. The defendant Cooper admitted receiving the telegraphic demand for the return of the said property, but alleged he saw no necessity of replying thereto, since he had done nothing more than exercise his legal rights in the premises. The defendant Cooper further alleged that he had done all he could to aid the plaintiff to pay the indebtedness involved by various extensions for such payments and had resorted to the recovery of the security only after long and patient waiting for payment and stated that he was ready to make good his contract with the plaintiff on payment by him of the amount due.

Issues being joined, the case was tried at the November, 1932, term of said Court, before his Honor, Judge Thomas S. Sease, and a jury, resulting in a verdict for the plaintiff, as follows: Against the defendant Cooper actual damages in the sum of $50.00 and punitive damages in the sum of $1,200.00; against the defendant Hudson actual damages in the sum of $50.00 and punitive damages in the sum of $25.00.

A motion for a new trial, made on behalf of the defendants, being refused, from judgment entered on the verdict, the defendant Cooper, pursuant to due notice, had appealed to this Court.

Appellant's allegations of error are presented under twenty-three exceptions, which are discussed by his counsel under four heads or groups, namely: (1) Errors in the trial; (2) errors in refusing defendant's motion for direction of a verdict; (3) errors in the charge to the jury; and (4) errors in overruling motion for a new trial.

The first group, alleged errors in the trial, covers Exceptions 1-6 and the first exception reads as follows: "That the Presiding Judge erred in permitting the respondent, Robertson, to testify, over objection of the appellants, as to what it would have been possible for him to have done if he had been given a day or two's time; it being respectfully submitted that such testimony is not a statement of any fact, it is problematical and merely an expression of opinion without any statement of fact supporting it."

The testimony involved under this exception we find was as follows:

"Q. Mr. Robertson, would it have been possible for you to have paid these people as much as $12.40 if they had given you a day or two's time on it? A. Yes, sir."

The trial Judge ruled the testimony competent, and we find no prejudicial error in this ruling. It appears from the record that at the time the furniture in question was taken and carried away by Cooper, through his agents, Robertson was working at a mill at Chester, and it may reasonably be assumed that he had reason to believe he could raise as much as $12.40 from his employer, but Robertson testified that he could not raise the amount the agents of Cooper demanded should be paid, or they would take and carry away the furniture involved, and that he informed said agents to that effect. Robertson claimed that he only owed $12.40 on the furniture. We do not think the appellant was prejudiced by this testimony, and we think it was competent for the purpose of giving the jury the benefit of the surrounding circumstances so as to aid them in passing upon the question of willfulness in connection with the issue of punitive damages. It must be kept in mind that Robertson, according to his testimony, requested the said agents of Cooper to give him some time and informed them that if they would give him some time he could and would raise a reasonable amount to be applied on the alleged debt, he

contending that the balance was $12.40. The exception must be overruled.

Exceptions 2, 3, and 4 impute error to the trial Judge in admitting into the record, over defendant's objection, testimony tending to show what effect the alleged unlawful entry into plaintiff's home had upon the · wife of plaintiff. We find no error here. The testimony here complained of by appellant was, in our opinion, competent in response to the allegations in effect that plaintiff had been humiliated on account of the alleged unlawful entry into the home, which he had provided for himself and wife and children, and the taking and carrying away the furniture in question from said home, which was done in the presence of his wife, who was in a delicate condition. It appears from the testimony that the wife had to stand by and see the alleged unlawful entry made into their home and the furniture therein taken out and carried away. These acts, it may reasonably be inferred from the testimony, necessarily made her nervous and had a depressing effect upon her. There is testimony to the effect that the defendant Hudson, who was in said home when the furniture therein was being taken out, had a pistol upon his person, and this fact, alone, it may be reasonably assumed, must have increased her nervousness, as she saw the stove, on which she was preparing to cook the evening meal, and the other furniture in the house taken out of the house, loaded on a truck, and carried away, leaving the house practically empty on a winter night. Surely, this must have been very humiliating to her husband, Robertson, the plaintiff in the cause; and, in our opinion, the testimony complained of was competent to prove such alleged fact. These exceptions must be overruled.

"5. Exceptions 5 and 6 read as follows:

That the Court erred in making, in the presence of the jury, the following statement about the appellant, Hudson, which on the witness stand:

"On the same ground he is asking punitive damages, on this ground, he is trying to excuse himself to some extent. He can't do it all together. But it may be by way of damages for mental punishment—it is by way of mental attitude.

"It being respectfully submitted that by such statement the Presiding Judge strongly intimated to the jury that in his opinion appellant·Hudson was responsible for damages; that his act was inexcusable notwithstanding that he went to respondent's home as he had been instructed to do by the Magistrate.

"6 That the Presiding Judge erred in stating in the presence of the jury: The defendants are in the pair. You shan't separate the defendants; the error being that the Presiding Judge thereby, in effect, instructed the jury that if appellant Hudson had wronged respondent, the appellant Cooper was responsible therefor."

The defendant Hudson having not completed an appeal to this Court, these exceptions, 5 and 6, in so far as Hudson is concerned, go out of the picture, and we ·do not think Cooper has any right to complain of the remarks of the presiding Judge referred to. The record in the case clearly justifies the same. In our opinion, the only reasonable inference to be drawn from the testimony, considered in connection with the surrounding circumstances of the case, is that Hudson was an agent of the appellant, Cooper, in taking and moving the furniture in question, and the trial Judge could have so stated, but he did not. These exceptions are overruled.

Exceptions 7 and 8 impute error in failing to grant the defendant's motion for a direction of a verdict for the defendant Cooper based on the ground that there was no testimony as to any act of trespass on the part of the agents or representatives of Cooper Furniture Company, and that the agents and representatives of Cooper never at any time entered respondent's home or attached any of the furniture therein, except by. invitation and/or permission so to do;

and upon the ground that there was a total absence of any proof of any damages to respondent, as alleged in the complaint, etc.; and the motion for direction of a verdict for the defendants as to punitive damages was based upon the alleged ground that there was no evidence to sustain a verdict for punitive damages.

These exceptions, alleging error in the failure of the trial Judge to direct a verdict for the defendants as to punitive and actual damages, involved all the testimony in the case, covering over one hundred and fifty printed pages of the transcript. We shall not undertake to restate the same here, for, in our opinion, it would serve no useful purpose; but we deem it sufficient to state that we have carefully considered the entire record, and it is our opinion that the record tends to establish every material allegation contained in plaintiff's complaint, and that the trial Judge could not, under the law governing the trial of cases, grant defendant's motion. These exceptions are overruled.

Exceptions 11-18 impute error to the presiding Judge in his charge to the jury. After a careful study of the entire charge, we are satisfied that appellant was not in any way prejudiced, and that every issue involved in the case was submitted to the jury in perfect fairness to the appellant and his codefendant. In our opinion appellant has no just ground to complain of the charge.

Exceptions 19-23, which allege error in overruling appellant's motion for a new trial, are based on contentions covered by the exceptions already considered, and for the reasons assigned in overruling said exceptions these exceptions must be overruled also.

The appeal cannot be sustained, the exceptions are overruled, and it is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.