## 19401

Ellis VANDEGRIFT, Appellant, v. William P. DENT, doing business
as St. Matthews Builders, Respondent

(188 S. E. (2d) 185)

*J. Lewis Cromer, Esq.,* of *Cromer, Louthian & Meeting,* Columbia, *for the Appellant,*

*Messrs. Furman R. Gressette,* of St. Matthews, and *T. B. Bryant, Jr.,* of Orangeburg *for Respondent*

April 19, 1972.

LEWIS, Justice.

This is an action to recover damages, both actual and punitive, resulting from an assault and battery inflicted upon plaintiff by defendant. The case was tried in the Court of Common Pleas for Orangeburg County and resulted in a verdict in plaintiff's favor in the amount of $50,000.00, actual damages, and $25,000.00, punitive damages. Subsequently, the trial judge granted defendant's motion for a new trial, from which plaintiff has prosecuted this appeal.

A new trial was granted upon the grounds that (1) counsel for plaintiff made improper and prejudicial argument to the jury, (2) certain testimony offered by defendant had been erroneously excluded, and (3) the amount of the verdict was so excessive as to indicate that it was the result of caprice, passion, or prejudice on the part of the jury.

The third stated ground, upon which the order for a new trial was based, involved a discretionary ruling by the trial judge, and consideration of it requires affirmance, without the necessity of deciding the other questions argued.

It is well settled that a motion to set aside a verdict on the ground that it is so excessive as to indicate caprice, passion, or prejudice on the part of the jury is addressed to the sound discretion of the trial judge, and his judgment in the exercise of that power will not be disturbed unless an abuse of discretion is shown.

Since there must be a new trial, we will not review the evidence relating to the amount of the damages sustained. The record, however, fully sustains the conclusion of the trial judge that the amount of the verdict was "out of all proportion to the loss sustained" and was "so shockingly excessive as to show that the jury was actuated by passion, capriciousness, or prejudice." Under such circumstances, it was the duty of the trial judge to set the entire verdict aside and grant a new trial. Abuse of discretion is not shown.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.