## 21116

Reuben B. REID, a person non compos mentis, by his Guardian ad Litem, Frank B. Hall, Respondent, v. Donnie KELLY and Play-Air, Inc., Defendants, of whom Donnie Kelly is Respondent and of whom Play-Air, Inc. is Appellant.

(262 S. E. (2d) 24)

*Richard N. Tapp,* Greenville, *for appellant.*

*James W. Logan, Jr.* and *Steven C. Kirven,* Anderson, *for respondent.*

January 14, 1980.

NESS, Justice:

Respondent, Reid, by his committee and guardian *ad litem,* Hall, brought this trespass action against Kelly, and appellant Play-Air, Inc. after Kelly hired a woodcutter who cut trees on respondent's land. A jury returned a verdict for $4,250 actual damages against Play-Air, Inc. and Kelly jointly, and $32,875 punitive damages against the corporation alone. We affirm.

Reid, an incompetent, owned a wooded tract adjacent to a small airstrip owned by Play-Air, Inc. Hall was contacted several times between 1969 and 1976 by Play-Air's president, Epstein and Kelly about having some of the trees cut. Hall repeatedly refused and in June, 1976, Kelly hired a wood-

cutter to enter respondent's land and cut the trees. This action for trespass ensued.

Appellant contends the trial court erred in denying its motion for summary judgment. We disagree.

Questions of agency ordinarily should not be resolved by summary judgment where there are any facts giving rise to an inference of an agency relationship. *Jamison v. Howard,* 271 S. C. 385, 247 S. E. (2d) 450 (1978). Prior to the time the corporation was made a party, Kelly stated by deposition that he was a "member" of Play-Air and had ordered the trees cut. This was sufficient to give rise to a reasonable inference that the corporation had acted through its agent in trespassing on Reid's land.

Appellant excepts on appeal to the trial court's consideration of Kelly's deposition on Play-Air's motion for summary judgment, but the record below is devoid of any objection. Accordingly, appellant has waived its right to raise this issue on appeal. *Beck v. Gibson,* 268 S. C. 627, 235 S. E. (2d) 716 (1977).

In any event, this exception is without merit. Circuit Court Rule 44(e) provides, in relevant part, that "[a]ny deposition—may be opened by the court and considered relative to a motion [for summary judgment]." As this rule is expressly limited to motions for summary judgment, we hold it constitutes an exception to the presence or notice requirement of Circuit Court Rule 87(d).

Appellant next argues the trial court erred in permitting Reid to impeach Kelly after calling him as his witness. This argument overlooks the fact that Kelly was also a party. The rule against impeaching one's own witness is intended for the protection of the witness. *Farr v. Thompson,* 25 S. C. L. (Chev.) 37, 45 (1839). Where the witness is a party he may protect his rights by appeal. Kelly did not appeal and is deemed to have waived the alleged defect. *State v. Stauss,* 114 S. C. 445, 103 S. E. 769 (1920); Supreme Court Rule 1, § 1 C; 4 C. J. S. Appeal and Error §

211, p. 616. We hold appellant has no right to complain. *Cf. Robertson v. Cooper,* 173 S. C. 305, 313, 175 S. E. 524 (1934).

Moreover, we hold that where an adverse party is called as a witness he may be impeached by a prior contradictory deposition. Otherwise, the party could tell his version as he pleased despite the deposition. *Wells v. Goforth,* 443 S. W. (2d) 155 (Mo. 1969); *Smith v. Ohio Oil Co.,* 10 Ill. App. (2d) 67, 134 N. E. (2d) 526, 58 A. L. R. (2d) 680, 687 (1956); Jones on Evidence, 5th Ed. § 935, p. 1758; § 936, p. 1764; 74 A. L. R. 1042; 81 Am. Jur. (2d) 625, p. 633.

We further hold it was within the discretion of the trial judge to permit impeachment of a witness who was an adverse party on the basis that it better enables the trier of the facts to determine whether or not the witness is telling the truth. 81 Am. Jur. (2d), Witnesses, § 623, p. 631; Weinstein, Evidence, pp. 607-15; also see *Scott County School District No. 1 v. Asher,* 263 Ind. 47, 312 N. E. (2d) 131 (1974); *Mesecher v. Cropp,* 213 Kan. 695, 518 P. (2d) 504 (1974).

The admissibility of a deposition into evidence does not depend on the purpose for which it was taken. Nor is its use limited to the party who initiated it. Where a deposition is taken either party is entitled to its use in the trial of the case.

Appellant next objects to the introduction into evidence of five letters. Appellant asserts none of the five were relevant and that four of the five were not properly authenticated. We disagree. The letters were relevant in that they showed appellant's complicity in the burgeoning feud over the trees, and they were sufficiently authenticated by Hall's testimony. *Winburn v. Minnesota Mutual Life Ins. Co.,* 261 S. C. 568, 201 S. E. (2d) 372 (1973).

Appellant further contends the trial court erred in denying its motions for involuntary nonsuit and judgment N.O.V. This is without merit. Apart from

the testimony in Kelly's deposition, Kelly testified he signed Play-Air's name on gas tickets and used a plane loaned to the corporation to show the alleged offending trees to the woodcutter. Additionally, the woodcutter testified that Kelly stated that Play-Air's president, Epstein, wanted the trees cut. This testimony and the inferences fairly deducible therefrom were sufficient to warrant submission of the issue of appellant's liability, under the principles of agency, to the jury. *Hunter v. Hyder,* 236 S. C. 378, 114 S. E. (2d) 493 (1960) ; *Hinson. et al. v. Roof,* 128 S. C. 470, 122 S. E. 488 (1924).

Finally, appellant asserts the trial court erred in refusing to grant a new trial on the ground the punitive damages award indicated caprice, passion and prejudice by the jury. This is without merit.

In determining whether an award of punitive damages is excessive, one of the factors to be considered is the ability of the wrongdoer to pay. *Patterson v. Bogan,* 261 S. C. 87, 198 S. E. (2d) 586 (1973). Here, appellant has substantial assets, including an airplane and a landing strip. Moreover, we do not believe the amount of the verdict was such as would "shock the conscience" of the court. *Zorn v. Crawford,* 252 S. C. 127, 165 S. E. (2d) 640 (1969) ; *Fennell v. Littlejohn,* 240 S. C. 189, 125 S. E. (2d) 408 (1962). The trial court did not abuse its discretion in allowing the verdict to stand. *Vandegrift v. Dent,* 258 S. C. 240, 188 S. E. (2d) 185 (1972).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.