0133

The MAIL MART, INC., Respondent, v. ACTION MARKETING CONSUL-
TANTS, INC., Rodney B. Lewis, Walter Edwards, and Country Club
Villas, Inc., Defendants, of whom Walter Edwards is Appellant.

(314 S. E. (2d) 351)

Court of Appeals

*Fred B. Newby* and *Robert H. Gwin, III,* of *Newby & Gwin,* Myrtle Beach, *for appellant.*

*James C. Pike, Jr.,* North Myrtle Beach, *for respondent.*

Heard March 2, 1984.

Decided March 26, 1984.

GOOLSBY, Judge:

This appeal involves an action upon an oral contract brought by the respondent The Mail Mart, Inc., against the defendants Action Marketing Consultants, Inc., Rodney B. Lewis, Walter Edwards, and Country Club Villas, Inc. A jury verdict was returned against Lewis and the only appellant, Edwards. The issues on appeal involve the dismissal of Action Marketing's counterclaim, the refusal to give a requested instruction, and the denial of a motion for a new trial. We affirm.

Mail Mart alleged in its complaint that it provided each of the defendants advertising services pursuant to an oral contract. Action Marketing answered admitting the existence of the contract between it and Mail Mart and counterclaimed alleging a breach of the contract. In their answer, Lewis and Edwards denied that they, as individuals, contracted with Mail Mart and affirmatively alleged that "any dealings that they had with [Mail Mart] were done as agents and employees of Action Marketing." The record does not reflect an answer from Country Club Villas, who was dismissed as a defendant sometime after the complaint was served but prior to trial.

According to the testimony of Joe Huffaker, the President of Mail Mart, he met with Lewis and Edwards at the Atlanta Airport sometime in August 1979 and entered into a marketing contract with them. Huffaker further testified that he believed that his negotiations were with Lewis and Edwards alone. At no time, he said, did they purport to represent Action Marketing or any other corporation. Huffaker determined that Lewis and Edwards owed him $21,120 on the contract.

Action Marketing moved for and was granted a nonsuit at the close of Mail Mart's case on the ground that there was no evidence of any contract between it and Mail Mart. After dismissing Mail Mart's complaint as to Action Marketing, the

trial court ruled that Action Marketing could no longer maintain its counterclaim against Mail Mart because the granting of the nonsuit motion eliminated Action Marketing as a party to the lawsuit.

After the court charged the jury on the law in the case, counsel for Lewis and Edwards requested the court, in accordance with Section 15-27-100 of the South Carolina Code of Laws, 1976, to charge the jury "that it's the law of South Carolina that the debts of a corporation are not the individual debts of ... its stockholders." The court refused to give the requested instruction.

A verdict in the amount of $21,120 was returned against both Lewis and Edwards.

## I.

Edwards complains about the dismissal by the trial court of Action Marketing's counterclaim and argues that "a counterclaim is not subject to dismissal simply because the main action has been dismissed," citing *Young v. Jones*, 140 Ga. App. 66, 230 S. E. (2d) 32, 33 (1976).

We need not decide, however, the question of whether a motion by a defendant for a nonsuit amounts to a voluntary dismissal of a counterclaim pleaded pursuant to Section 15-15-30 of the Code. *See* Annot., 48 A.L.R. (2d) 748 (1956). Only Action Marketing could have raised this issue and it did not appeal. *Cf. Reid v. Kelly*, 274 S. C. 171, 262 S. E. (2d) 24 (1980); *Robertson v. Cooper*, 173 S. C. 305, 175 S. E. 524 (1934). Edwards cannot appeal from a decision which does not affect his interest. *Bivens v. Knight*, 254 S. C. 10, 173 S. E. (2d) 150 (1970).

## II.

Edwards next contends that the trial judge erred in not instructing the jury as requested "that the debts of a corporation are not the individual debts of its stockholders."

A trial judge should confine his instructions to the jury to the issues made by the pleadings and supported by the evidence. *Baker v. Weaver*, 309 S. E. (2d) 770 (S. C. App. 1983). Here, the pleadings neither expressly nor implicitly raised any issue concerning the liability of stockholders for the debts of a corporation. Edwards was sued as an

individual and not as a stockholder of Action Marketing. Because the requested instruction bore no relation to the controversy, it was properly refused.

### III.

Edwards final contention is that there was insufficient evidence to support the jury's findings that a contract existed between him and Mail Mart and, therefore, he is entitled to a new trial.

A motion for a new trial based upon insufficiency of evidence is addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed in the absence of an abuse of discretion. *Norton v. Ewaskio*, 241 S. C. 557, 129 S. E. (2d) 517 (1963); *Ford v. A.A.A. Highway Express, Inc.*, 204 S. C. 433, 29 S. E. (2d) 760 (1944). We find no abuse of discretion in this instance. The verdict clearly was supported by the evidence.

For the reasons we have given, the judgment of the circuit court is

Affirmed.

GARDNER and CURETON, JJ., concur.