THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
J.H. Seale and Son, Inc., Respondent,
v.
Rhett Munn, individually, and Rhett Munn d/b/a Carolina Entertainment,
Appellant.
 
 
 

Appeal From Sumter County
 Linwood S. Evans, Jr., Master-in-Equity

Unpublished Opinion No. 2007-UP-061
Submitted November 1, 2006  Filed February 12, 2007

AFFIRMED

 
 
 
William E. Hopkins, Jr., of Columbia, for Appellant.
Marvin E. McMillan, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM:  Appellant Rhett Munn appeals the master-in-equitys refusal to grant Munns motion to dismiss and holding that Munn is personally liable for unpaid invoices from J.H. Seale & Son, Inc. for petroleum.  We affirm.[1]
FACTS
Jay Richardson, an officer of J. H. Seale & Son, Inc., contacted his long term friend, Munn, about purchasing petroleum from J.H. Seale for convenience stores known as Munn-E-Saver.  J.H. Seale and Munn began doing business together in April of 1995 without a written agreement.  J.H. Seale billed Carolina Entertainment for the petroleum at Munns request.[2]  On August 4, 1995, Munns close corporation Carolina Music Company, Inc., changed its name to Carolina Entertainment, Inc. 
J.H. Seale brought this action on June 27, 2001 to collect payment for five unpaid invoices totaling $28,251.00.  Munn moved to be dismissed from the action and for Carolina Entertainment, Inc. to be substituted as the defendant.  After a trial, the master denied Munns motion to dismiss and found Munn personally liable to Seale for $18,451.92.[3]  This appeal followed.
LAW/ANALYSIS
I.  Motion to dismiss 
Munn argues the master erred in denying his motion to dismiss Munn individually because the master did not review the pleadings and Munn was not individually liable to Seale.  We disagree.
Munn asserts the master should have granted his motion to dismiss pursuant to Rule 12(b)(6), SCRCP.  Under this rule, the trial court may dismiss a claim when the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court.  Rule 12(b)(6), SCRCP, Williams v. Condon, 347 S.C. 227, 232-33, 553 S.E.2d 496, 499 (Ct. App. 2001)   A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case.   Flateau v. Harrelson, 355 S.C. 197, 202, 584 S.E.2d 413, 415 (Ct. App. 2003) The ruling on the motion to dismiss must be solely based on the allegations in the complaint. Stiles v. Onorato, 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995). 
In this case, Seale contends in his complaint that Munn is individually liable for goods and services provided at the request of Defendant and for which the Defendants promised to pay.  The complaint lists Rhett Munn, individually and Rhett Munn, d/b/a Carolina Entertainment as the only defendants.  The complaint implicates Munn individually for promising to pay.  Thus the complaint contains a theory of recovery against Munn, which prevents the granting of the motion to dismiss pursuant to Rule 12(b)(6).  
Additionally, Munn argues that the master did not review the pleadings.  During the hearing the master stated that the Clerks case file had been misplaced.  Counsel for Seale provided the pleadings to the master for the hearing.  Counsel for Munn stated that he did not have a problem with Seales attorney providing the documents to the master.  Munn never made any objection concerning the missing file.  Thus, we find Munns argument is not preserved for our review. See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  
Although Munn insists his motion was only one to dismiss pursuant to Rule 12(b)(6), he cites evidence presented at the hearing to support his argument that the master erred in holding him individually liable.  We find no error in the masters ruling.  
This is an action at law.  See Sterling Dev. Co. v. Collins, 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992) (An action for breach of contract seeking money damages is an action at law.)  In an action at law tried without a jury, the trial courts factual findings will not be disturbed on appeal unless those findings are wholly unsupported by the evidence or controlled by error of law.  Gordon v. Colonial Ins. Co. of Ca., 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).
Common law, as reflected in the law of agency, requires that one who claims to be acting in a corporate capacity (thereby avoiding individual liability) must disclose that he or she is acting as an agent for the corporation rather than as an individual.  F. Lodge ONeal & Robert B. Thompson,  ONeal and Thompsons Close Corporations and LLCs: Law and Practice §8:9 (2004).   The burden is on the one claiming the agency relationship to prove that such disclosure took place.  Id.  
This court has found individuals responsible for a debt when they failed to disclose they were acting on behalf of a corporation.  Mail Mart, Inc. v. Action Mktg. Consultants, Inc., 281 S.C. 167, 314 S.E.2d 351 (Ct. App. 1984).  In Mail Mart, the plaintiff alleged in its complaint that it provided individual defendants, Lewis and Edwards, advertising services pursuant to an oral contract.  Id. at 168, 314 S.E.2d at 352.  In their answer, Lewis and Edwards denied that they, as individuals, contracted with the plaintiff and affirmatively alleged that any dealings that they had with the plaintiff were done as agents and employees of Action Marketing.  Id.   The president of the plaintiff testified he met with Lewis and Edwards at the Atlanta Airport sometime in August 1979 and entered into a marketing contract with them.  Id.  He further testified that he believed that his negotiations were with Lewis and Edwards alone.  Id.  At no time, he said, did they purport to represent Action Marketing or any other corporation.  Mail Mart, 281 S.C. at 168, 314 S.E.2d at 352.  The jury found in favor of the plaintiff against Lewis and Edwards individually.  Id. at 169, 314 S.E.2d at 363.  This court affirmed, finding the verdict was clearly supported by the evidence.  Id. at 170, 314 S.E.2d at 363.    
Like the plaintiff in Mail Mart, Jay Richardson, an officer with J.H. Seale, testified that he was unaware that Munn was acting on behalf of a corporation when they entered into an agreement for J.H. Seale to provide Munn petroleum.  Richardson acknowledged that he was aware Munn was involved with a corporation known as Carolina Music Company, Inc.  However, Munn directed J.H. Seale to bill the invoices not to Carolina Music Company, Inc. but to Carolina Entertainment.  Carolina Music Company, Inc. did not change its name to Carolina Entertainment, Inc. until four months after Richardson and Munn made their agreement.  Thus, at the time the agreement was made, no corporation with the name Carolina Entertainment, Inc. even existed.  Richardson maintained no one ever told him that Carolina Entertainment was a separate legal entity or a corporation.  He asserted that if he had known Carolina Entertainment was a corporation, he would have asked for a personal guarantee from Munn.  He claimed he expected payment from Munn.  He stated he never knew Munns position, that Carolina Entertainment was the party responsible for the debt, until this lawsuit was filed.  
Munn asserts the payment of invoices with checks written on Carolina Entertainments account signed by J.B. Brown evidences J.H. Seales knowledge of the corporation.  However, the payment of bills using corporate checks is not sufficient to disclose the agency relationship.  ONeal & Thompson, at §8:9.   
Munn also calls the courts attention to the fact that the invoices for which J.H. Seale seeks payments were dated over five years after the parties began doing business and the Articles of Amendment were filed with the Secretary of State reflecting the name change from Carolina Music Co., Inc. to Carolina Entertainment, Inc.  Munn states, Carolina Entertainment, Inc. was a valid South Carolina corporation as of July 15, 1995 . . . .  The business agreement between J.H. Seale and Munn, however, began in April of 1995, four months before the name change.  Munn acknowledged he never sent out any written notice to his customers or vendors concerning the name change nor could he specifically recall telling anyone from J.H. Seale about the change.
Munn did testify that he told Richardson to bill Carolina Entertainment, Inc. rather than just Carolina Entertainment.  Although Munn presented evidence contradicting that of J.H. Seale, this court may not re-weigh the evidence but must only determine whether there is evidence supporting the masters ruling. Kiriakides v. Atlas Food Sys. & Serv. Inc., 343 S.C. 587, 594, 541 S.E.2d 257, 261 (2001).  Accordingly, as we find evidence in the record to support the masters ruling that Munn was individually liable, we must affirm.  
II.  Piercing the Corporate Veil 
Munn argues the master erred in holding him personally liable for the unpaid invoices because the master did not conduct a piercing the corporate veil analysis.  This issue was neither raised to nor ruled upon by the master.  Therefore, it is not properly before this court.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
Furthermore, there was simply no veil to be pierced.  The master held Munn directly liable for the invoices based on his actions rather than under a theory of piercing the corporate veil.  We find no error.    
CONCLUSION
For the reasons stated herein, the masters decision is 
 AFFIRMED.
 ANDERSON, HUFF, and BEATTY, concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Four of the five invoices in the record have Carolina Entertainment listed as the purchaser.  The other invoice has the purchaser listed as Carolina Entertainment Company.
[3] This amount of the debt was decreased to $18,451.92 due to payments previously made.  The amount of the debt is not in dispute on appeal.