The opinion of the Court was delivered by.
Johnson, J.
The legality or illegality, as well as the construction of a contract, must depend on the lex loci,[1] where they were executed unless it appear from the contract itself that it was the understanding of the parties that it was to be executed elsewhere. The policies of insurance, oil which the notes in question were given as premiums, were executed in Boston, by citizens of Boston, and there is nothing in them from which it was possible to infer that it was the intention of the parties that these conditions were to be performed elsewhere. We must, therefore, have recourse to the laws of Massachusetts to determine on their legality. An Act of the Legislature of Massachusetts, passed in 1788, in the first clause provides, “that no citizen of that commonwealth, or other person residing within the same, shall for himself, or any other person whatsoever, either as master, factor, supercargo, owner, or hirer, in whole or in part of any vessel, directly or indirectly, import, transfer, buy, or sell, or receive on board with intent to cause to be imported or transported, any of the inhabitants of any State or kingdom, in that part of the world called Africa, as slaves or servants for a term of years,” and imposes a penalty on those offending against its provisions ; and the second clause provides that all insurance made within the State, “on any vessel fitted out with intention as aforesaid, and having on board slave or slaves, in order to be transported from Africa as aforesaid, or upon any slave or slaves, so shipped on board of any vessel, shall be void and of no effect.” The importation of slaves into Massachusetts, and slavery itself, were abolished before the passing of this Act. We are not, therefore, left to resort to difficult and narrow windings of speculative construction, to come at the intention of the legislature* of Massachusetts. The intention of the Act is plain and obvious, and it speaks a language which can scarcely be misconceived. The citizens of that State, and the persons resident there, are prohibited, under severe peual *105 ties, from engaging in a traffic which almost the whole civilized world now unite in denouncing 'nefarious. And the clause declaring insurances on this traffic void, was doubtless intended to prohibit their indirect support and encouragement of that which the first clause wholly prohibited. Now it will not be denied that the State of Massachusetts has a right to prescribe laws for her owd citizens; and it is obvious that these policies were void, and that the defendant could not have recovered in an action brought there on them, if a loss had happened. It, therefore, follows, that the notes given for premiums were also illegal and void.
Bichardson, Attorney-General, for the motion. Simons and Prioleau, contra.
It is said, however, that the defendant is bound to the plaintiff, as he was personally and solely responsible to the underwriters for the premiums, under the particular custom of Boston ; and although the contract, as between the defendant and the underwriters, might be considered as illegal, yet, as between the plaintiff, who was an innocent agent, and who had subjected himself to this liability, at the request of the defendant, he was liable over to him.
A broker is not liable for premium at all events, unless he act under a del credere commission.[1] Lex Mercatoria Americana, 4L9. And to establish a particular custom, the evidence must be clear, certain' aud conclusive.[2] Edie, et al., v. East India Company, 2 Burrow, 1221. No such evidence has been adduced of the alleged custom. On the contrary, one of the plaintiff’s clerks swear, that although these premiums were in the first instance debited to the plaintiff in his account current with the underwriters, yet they were afterwards charged back to them as unpaid. The broker is a mere “ go-between;” and notwithstanding usage has rendered his agency usual, and in some measure necessary, yet the insurers and insured *are the immediate parties. I am, therefore, of opinion that the plaintiff was not entitled to recover for the notes given for premium on the slave voyage. But I am also of opinion that the jury were not warranted in finding a balance for the defendant. Where money has been paid voluntarily,[3] on a contract merely illegal, it cannot be recovered back, unless a recovery is given by some express statute, and I am aware of none applicable to this case. Now the discounts set up, and supported by evidence, consisted solely of payments, directly and voluntarily made; he is not, therefore, entitled to recover them back, as they were paid on an illegal contract.
I am therefore of opinion, that the motion for a new trial ought to be granted.
All the judges present concurred.

 3 Strob. 421.

 2 McC. 198; 4 McC. 392; 3 Hill, 26; 1 Rich. 256.

 Dud. 163; 10 Rich. 339; 1 Bay, 294; 1 Strob. 203; Post. 519, 2 vol. 9; Harp. 268; 3 McC. 121; 1 Mill’s C. R. 303, 308.

 2 vol. 581.