23065

The FIRST SERVICE CORPORATION OF S. C., Appellant v. Charles M. CAPE, Respondent.

(382 S. E. (2d) 919)

Supreme Court

*Jeanette McFee Kellerman* and *Darra W. Cothran,* both of *Woodward, Leventis, Unger, Ormand & Herndon,* Columbia, *for appellant.*

*William M. McSorley,* Columbia, *for respondent.*

Heard Feb. 10, 1989.

Decided Aug. 21, 1989.

TOAL, Justice:

The defendant, Charles M. Cape (Cape), a real estate salesman, was employed by Bob Capes Realty, Inc. (Capes Realty) to market and sell certain properties owned by First Service Corporation of South Carolina (First Service). Cape was to receive commissions upon the closing of each property transaction. To cover living expenses before any property was sold, Capes Realty advanced funds to Cape to be applied against commissions later earned. These funds were secured by two promissory notes executed in favor of Capes Realty and dated February 4, 1986. One note was in the amount of $9,250.00 and the other was in the amount of $2,861.79. On February 5, 1986, Capes Realty assigned the notes to First Service.

Cape then executed two Assignments of Commissions in favor of First Service. The Assignments authorized Capes Realty to pay all of Cape's commissions to First Service to satisfy the notes. Each Assignment directly corresponded to a particular note.

Thus, the arrangement was that the notes, now held by First Service, were promises to repay the funds advanced to Cape by Capes Realty. When Cape earned a commission, this amount was given to First Service, who would then credit Cape's account. It was orally agreed that if Cape was unable to repay the debt, Capes Realty was to reimburse First Service for half of the debt. Cape would then be obligated to repay the realty company.

After February 4, 1986, First Service advanced approximately $10,000 in additional funds to Cape. This amount was not covered by a promissory note, nor was an assignment of commissions executed in regard to these funds. Commissions in the amount of approximately $12,331.51 were earned and credited generally against the amounts owed by Cape. According to First Service, this left a principal balance of $6,918.04 due under the notes and approximately $584 in interest.

First Service filed this action to collect the amounts due under the notes. The Complaint does not mention the additional $10,000 advanced after February 4, 1986. Cape made a general denial and set forth the following defenses by way of counterclaim: (1) numerous sales were omitted and sales were deficient in the amount of credits given to Cape's account; (2) Cape is entitled to compensation for advertising services rendered; and (3) First Service breached the employment agreement by having Cape transferred to another project. The third counterclaim was dismissed.

During the trial, Cape did not offer any evidence that additional money should have been credited to him for sales. He did, however, contend that the commissions (approximately $12,300) should have been credited to the amounts due under the notes rather than to the $10,000 debt for funds advanced after the notes.

Before the case was submitted to the jury. First Service moved for a directed verdict for the amount due under the notes on the grounds that payment had not been pled as a

defense. The trial judge ruled that payment was not pled, but that the question of credits was properly before the jury. The judge stated that "[t]he jury will determine mathematically if credits have been properly given. If credits have been properly given, there is a balance of $6,000 and something, they will find that amount." First Service failed to object to the submission of the issue of credits to the jury.

The jury returned a verdict in favor of Cape.

## LAW/ANALYSIS

■ First Service contends that the trial court erred in allowing Cape to argue that he had paid the notes when he did not plead payment in his answer.

Rule 8(c) of the South Carolina Rules of Civil Procedure requires that payment be set forth as an affirmative defense. If an affirmative defense is not pled, it is usually deemed to be waived. See, generally, 70 C. J. S. *Payment* §§ 63 and 68 (1987). First Service claims that Cape did not plead payment in his Answer and, therefore, should not have been allowed to argue that the commissions should have been applied to the amounts due under the notes first, before the $10,000 debt.

As noted above, when the issue of payment was raised, the trial judge ruled that payment had not been pled, but that the issue of credits was properly before the jury. We agree that payment was not specifically pled in the Answer. The issue of credits, however, was raised in the Answer. If, as claimed by First Service, a distinction should have been noted between the application of the credits and the amounts of the credits, this issue should have been raised at the trial level. When the trial judge ruled that the issue of credits was properly before the jury, no objection was made explaining that the matter of credits could involve two separate issues.

First Service also contends that the trial court should have granted their motion for judgment *non obstante veredicto* or in the alternative a new trial because the evidence was susceptible of only one reasonable inference—that Cape owed a debt.

The law is well settled in South Carolina that debtor, owing two debts to the same creditor, has the right, on making a payment, to direct its application; if the debtor has given no directions, the creditor may make the application at his pleasure.

First Service contends that since Cape did not specify how the commissions were to be applied, First Service had the right to apply the credits to the $10,000 debt first before satisfying the notes. First Service claims that the only reasonable inference resulting from this is that Cape still owes a debt under the notes. We disagree.

Cape argues that he did direct how the credits were to be applied by signing the two Assignments which authorized First Service to apply the commission to satisfy the amounts due under the notes. The Assignments specifically refer to the notes. No similar authorization pertaining to the $10,000 advancement was obtained from Cape. As Cape points out, the Assignments were prepared by First Service, or their attorney, and they should not be allowed to argue that Cape did not direct the commissions to be used to satisfy the notes.

Therefore, it could be inferred that the credits should have been applied to the notes. If a debt is still owed, it would be in regard to the $10,000 advancement which was not included in the Complaint and, therefore, cannot be considered in this action.

Thus, because the evidence is susceptible to more than one reasonable inference, the trial judge properly denied the motions.

For the reasons discussed above, the lower court is Affirmed.

GREGORY, C. J., HARWELL and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.