536 S.E.2d 376

**Keith GORDON, Appellant,**

v.

**COLONIAL INSURANCE COMPANY
OF CALIFORNIA, Respondent.**

**No. 3161.**

Court of Appeals of South Carolina.

Heard March 7, 2000.
Filed May 8, 2000.
Refiled July 12, 2000.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, of Charleston, for appellant.

James D. Gandy, III and Robert H. Hood, both of Hood Law Firm, of Charleston, for respondent.

## ORDER DENYING PETITION FOR REHEARING

PER CURIAM:

After a careful consideration of the Petition for Rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded and, hence, there is no basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied. However, Opinion Number 3161, filed May 8, 2000, is withdrawn and the attached opinion is substituted.

STILWELL, Judge:

In this declaratory judgment action, Keith Gordon contends the special referee erred in determining that James Hanley did not have personal automobile insurance coverage through Colonial Insurance Company at the time his rental car struck Gordon's vehicle. We affirm.

### FACTS

On September 2, 1990, James Hanley, a Virginia resident, rear-ended Keith Gordon in Charleston, South Carolina. Hanley was driving a Hertz rental car and was intoxicated at the time of the accident. Gordon obtained a $150,000 judgment against Hanely. Hertz paid $25,000 toward the judgment through its insurance carrier.

Gordon sought the balance of the judgment from Hanley's personal automobile insurance policy with Colonial. Colonial refused to pay because Hanley's coverage expired due to nonpayment of premiums on August 23, 1990. Gordon sued Colonial.

The special referee heard the declaratory judgment action and determined Virginia law applied because the Colonial policy was a Virginia policy covering a Virginia resident. He also determined that Hanley's Colonial policy, originally issued for a three-month term, became a month-to-month policy that lapsed for nonpayment of premium. The special referee found that Colonial reinstated Hanley's policy due to a clerical error but corrected the error before it received notice of Hanley's accident. Then Colonial rewrote Hanley's policy with an effective coverage date of September 21, 1990. Thus, the

special referee concluded Hanley did not have coverage on September 2, 1990, the date of the accident.

### DISCUSSION

A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue. An issue, essentially one at law, will not be transformed into one in equity simply because declaratory relief is sought. *Felts v. Richland County*, 303 S.C. 354, 400 S.E.2d 781 (1991). An insurance policy is a contract between the insured and the insurance company and the terms of the policy are to be construed according to contract law. *Estate of Revis v. Revis*, 326 S.C. 470, 484 S.E.2d 112 (Ct.App.1997). Contract actions are actions at law. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E.2d 736 (1989). In an action at law, on appeal of a case tried without a jury, we may not disturb the trial judge's findings of fact unless those findings are "wholly unsupported by the evidence or controlled by an erroneous conception or application of the law." *Maddux Supply Co. v. Safhi, Inc.*, 316 S.C. 404, 406, 450 S.E.2d 101, 102 (Ct.App. 1994).

### I.

Gordon first contends the special referee was in error in applying Virginia law. We find the special referee's conclusion that Virginia law applies is amply supported by both the law and the evidence.

This court has applied New York law in a case involving a contractual dispute regarding an accident that occurred in South Carolina because the insurance policy was executed in New York by a New York resident, the corporation did business in New York, the car was registered in New York, and the car was rented in New York. *Unisun Ins. Co. v. Hertz Rental Corp.*, 312 S.C. 549, 436 S.E.2d 182 (Ct.App.1993).

The applicable Virginia statute provides that "[a]ll insurance contracts on or with respect to the ownership, maintenance or use of property in this Commonwealth shall be deemed to have been made in and shall be construed in accordance with the laws of this Commonwealth." Va.Code Ann. § 38.2–313 (1950 & Supp.1999). This is similar to the applicable South

Carolina statute. *See* S.C.Code Ann. § 38–61–10 (Supp.1999) ("All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.").

As previously noted, Hanley was a resident of Virginia. Jacqueline Davis, an underwriting manager with Colonial, testified Colonial is a subsidiary of Nationwide Insurance Company and writes automobile policies in Virginia. Hanley's policy was issued in Virginia to cover lives and property in that state.

## II.

Gordon's additional arguments all challenge the special referee's finding that Hanley's insurance coverage lapsed.

### A.

■ Gordon argues Colonial failed to properly cancel Hanley's policy in accordance with Virginia statutory requirements and Colonial retroactively canceled the coverage. Hanley's policy was not canceled, however, it expired. Virginia case law clearly differentiates between the two:

The cancellation and termination by refusal to renew provisions of Virginia Code 38.2–214 do not apply when the policy period expires and the premium for renewal coverage has not been paid. The cancellation provisions only apply if the insurer wishes to cancel the policy during its stated term. Cancellation implies an ending of coverage that would be in effect but for the cancellation.... The insurer cannot cancel coverage that is not in effect.

*Butts v. Montgomery Mut. Ins. Co.,* No. 19779, 1998 WL 972302, at *2 (Vir.Cir.Ct. Aug. 20, 1998).

■ Colonial complied with Virginia law in notifying Hanley of the expiration of his policy. *See* Va.Code Ann. § 38.2–2212(K) (Supp.1999) ("[A] motor vehicle insurance policy with a policy period or term of five months or less may expire at its expiration date when the insurer has manifested in writing its willingness to renew the policy for at least thirty days and has

mailed the written manifestation to the insured at least fifteen days before the expiration date of the policy.").

Hanley's three-month policy was converted to a month-to-month policy. On August 1, 1990, Colonial mailed an offer to renew Hanley's policy for an additional month. The offer indicated if the policy was not renewed, it would expire on August 23, 1990. Hanley did not pay the premium and the policy expired. Thus, Colonial complied with the applicable Virginia law in notifying Hanley.

## B.

■ Next, Gordon argues the erroneous credit of the delinquent premium to the expired policy reinstated the coverage. We disagree.

The record establishes it was Colonial's practice under the facts present in this case to rewrite a policy rather than to renew it. A Colonial policy expires if payment is not received within ten days of the expiration date. If payment is received more than ten days but less than forty-five days from the date of expiration, the policy will be rewritten. There is a lapse in coverage on a rewritten policy from the old expiration date and the date the premium is received. A signed application is not required for a rewrite done within this specific time period.

Hanley made a payment on September 21, 1990. Although the agent who received Hanley's payment remitted it to Colonial with a note indicating it was for a policy rewrite, Colonial erroneously applied the payment to the expired policy. Therefore, Colonial reinstated Hanley's policy in error. In October 1990, the agent advised Colonial of the mistake. Colonial corrected the error on October 29, 1990 and rewrote a policy with a new policy number. Colonial did not receive notification of Hanley's accident until September 1994.

In *Harris v. Criterion Ins. Co.*, 222 Va. 496, 281 S.E.2d 878 (1981), the Supreme Court of Virginia found the computer posting of a late premium to a terminated account did not affect the previous cancellation of the policy. It determined that the obligation to return the unearned premium created a debtor-creditor relationship rather than affecting the cancellation of the policy. *Id.* at 882. Accordingly, we find the

erroneous posting of Hanley's late premium payment to the expired policy did not reinstate the policy. Colonial corrected this error within a reasonable time.

## C.

Gordon also contends the new policy was a pretext to avoid coverage for the accident. An examination of the record demonstrates the evidence is uncontradicted that Colonial was not aware of Hanley's accident at the time it corrected the clerical error. Colonial did not receive information about the accident until almost four years later.

## D.

Gordon asserts Colonial failed to request or receive a new application for coverage from Hanley and therefore, could not issue a new policy. This assertion is also not borne out by the record. The evidence is clear that Colonial does not require a signed application from the insured for a policy rewrite under these circumstances.

## E.

Lastly, Gordon argues Colonial waived the right to demand prompt payment from Hanley. The record does not reveal a course of conduct of late payment such that Colonial is estopped from rewriting Hanley's policy. Rather the record shows Hanley's premium payment bounced once in 1988 and once in 1990. This does not demonstrate a course of conduct. Therefore this argument is without merit.

Because we find no error of law and ample support in the record for the special referee's findings of fact, the judgment of the court below is

**AFFIRMED.**

HEARN, C.J. and MOREHEAD, Acting Judge, concur.