**CORRECTED OPINION**

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AUTO-OWNERS INSURANCE COMPANY,
a Michigan Corporation,
                    *Plaintiff-Appellant,*

v.

DEBBIE RAE SARATA, Personal
Representative of the Estate of
Raymond R. Beauparlant,
                    *Defendant-Appellee,*

and

JAMES TAYLOR WEATHERFORD,
                    *Defendant.*

No. 01-2102

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-00-2129-3-10)

Argued: February 25, 2002

Decided: April 29, 2002

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge,
and Raymond A. JACKSON, United States District Judge
for the Eastern District of Virginia, sitting by designation.

Correction made on page 3

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Sidney Markey Stubbs, BAKER, RAVENEL & BENDER, L.L.P., Columbia, South Carolina, for Appellant. Eugene F. Rogers, Katherine Brandt Barroll, ROGERS, TOWNSEND & THOMAS, P.C., Columbia, South Carolina, for Appellee. **ON BRIEF:** Holly L. Palmer, BAKER, RAVENEL & BENDER, L.L.P., Columbia, South Carolina, for Appellant. Robert P. Wood, ROGERS, TOWNSEND & THOMAS, P.C., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James E. Weatherford is the named insured in an executive umbrella policy issued by Auto-Owners Insurance Company. After a collision involving his son, the insurer brought a declaratory judgment action, contending that the definition of an insured "relative" in the umbrella policy unambiguously excluded a relative who did not reside in the named insured's household. The district court disagreed and dismissed the action with prejudice. Because the policy's definition of "relative" is ambiguous, and because the father had a reasonable expectation of coverage for his son, we affirm.

I.

Defendant Debbie Rae Sarata is the personal representative of the estate of Raymond Beauparlant, who was killed in a collision on September 15, 1999 in Lexington County, South Carolina. Defendant

James T. Weatherford was driving the other vehicle involved in the accident. He was twenty-four years old at the time. The issue before us is whether he is a "relative" as that term is defined in the umbrella policy issued by Auto-Owners to his father.

The umbrella policy contains the following definitions:

**"Insured"** means you and also:
(a)    A relative . . . .
. . . .

**"Relative"** means:
(a)    your relative; or
(b)    anyone else, under the age of 21, in your care;
who resides in your household.

Auto-Owners contends that the definition of "relative" in the policy unambiguously excludes a relative who does not live in the named insured's household, and that the son did not reside in the father's household when the accident took place. Sarata replies that the policy's definition of "relative" does not unambiguously exclude a relative of the named insured who is identified in and covered by the underlying automobile liability policy, even if he does not live with the named insured.

The umbrella policy required the father to maintain an underlying policy for automobile bodily injury liability of $500,000. The umbrella policy provided that "[i]f any underlying insurance is exhausted by any occurrence, we will assume charge of the settlement or defense of any claim against the insured resulting from the same occurrence." The underlying policy listed the father as the named insured and identified his son as the primary driver of the vehicle involved in the accident. The father paid the premiums on the underlying policy, and the underlying insurer, State Farm Insurance Company, paid its limits of $500,000.

On cross-motions for summary judgment, the district court applied Georgia law and found that the umbrella policy's definition of "relative" was ambiguous.[1] It then applied Georgia's rules for construing

_____

[1]Georgia law is controlling because the umbrella policy was issued in Georgia to a Georgia resident. A federal court sitting in diversity must

insurance policies, which require that ambiguities be strictly construed against the insurer, and that the policy be read in accordance with the reasonable expectations of the insured where possible. *Richards v. Hanover Ins. Co.*, 299 S.E.2d 561, 563 (Ga. 1983). The district court concluded that the father had an objectively reasonable expectation of coverage for his son, and thus that the son was an insured under the umbrella policy for purposes of claims arising out of the collision. Accordingly, the court granted Sarata's motion for summary judgment. Auto-Owners appeals.

## II.

Reviewing the district court's grant of summary judgment *de novo*, *see Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988), we agree that the policy language at issue is ambiguous. In view of the non-standard and confusing use of semi-colons and, more importantly, the misplacement of the final clause, "who resides in your household," the definition of the term "relative" does not unambiguously limit coverage to only those relatives who reside in the insured's household.[2] Specifically, the reader could reasonably conclude that the clause "who resides in your household" modifies only line (b) and not the phrase "your relative" in line (a). The words "your relative" appear to stand alone. Because there is no way to clearly determine through parsing what the clause "who resides in your household" modifies, it is far from unreasonable for the insured to expect that any relative specifically insured by an underlying policy is also an insured in the umbrella policy.

---

apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). And in insurance coverage disputes, South Carolina courts apply "the law of the state in which application for insurance was made, the policy delivered, and the contract formed." *Unisun Ins. Co. v. Hertz Rental Corp.*, 436 S.E.2d 182, 184 (S.C. Ct. App. 1993).

[2]Semi-colons act either as weak periods or as strong commas. Sidney Greenbaum, *The Oxford English Grammar* § 11.17 (1996). In standard usage, they are not employed to indicate a continuation of the items to be modified by a final clause.

As the district court observed, qualifying clauses typically modify only the immediately preceding words and phrases. This basic rule of both grammar and interpretation is commonly known as the last antecedent rule. *See, e.g.*, *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1026 (4th Cir. 1997); *Virginia v. Browner*, 80 F.3d 869, 877 (4th Cir. 1996). The phrase "your relative" is too far removed from the final clause, "who resides in your household," for the lay reader to unambiguously understand that a relative covered in an underlying policy is excluded in the umbrella policy.

Contrary to Auto-Owners' assertion, the district court correctly concluded that the use of semi-colons in the definition of "relative" does not create an exception to the last antecedent rule because they are employed incorrectly and superfluously. Laypersons cannot be expected to glean that the insurer's non-standard use of semi-colons indicates a continuation of the items to be modified by the final clause. Instead, they may reasonably disregard improper punctuation in attempting to discern the meaning of contractual language. And when reading the definition without the incorrect punctuation, they may rely on the standard rule of grammar that a clause qualifies only the language which immediately precedes it. Here, only line (b) comes just before the clause "who resides in your household." The "(b)" and "or" separate "your relative" from the remainder of the sentence.

In any event, the district court also astutely determined that the ambiguity here is created not by the non-standard use of punctuation, but rather by the word order. And Auto-Owners' contentions notwithstanding, the semi-colons do nothing to resolve the confusion. On the contrary, the insurer's use of them in a non-standard and confusing fashion only makes matters worse.

As the drafter of this insurance contract, Auto-Owners could have been so clear so easily, thereby avoiding the problem of interpretation that has generated this litigation. For example, the definition of "relative" would have unambiguously limited relatives to residents of the named insured's household, even with the same punctuation, if it had stated:

"Relative" means someone who resides in your household and is: (a) your relative; or (b) anyone else, under the age of 21, in your care.

Auto-Owners has not met its "burden of drafting clear and precise language" indicating that the phrase "your relative" excludes nonresident relatives covered by the underlying policy. *See Richards*, 299 S.E.2d at 564.

Auto-Owners further argues that its format and punctuation pattern in other policy definitions require the clause "who resides in your household" to be read as qualifying the phrase "your relative." Again, we agree with the district court that neither the indentations and line spacing nor the punctuation pattern eliminate the ambiguity. The differences in vertical line spacing are not readily apparent, nor can lay readers be expected to understand or even notice a pattern of superfluous punctuation.

Finally, Auto-Owners submits that it not only is unreasonable but also "defies logic" for the father to expect coverage for any remote relative no matter where located. As seductive as this argument may at first appear, such an implication simply does not follow from an interpretation that does not qualify the phrase "your relative" with the final clause, "who resides in your household." As the district court observed, "it is unlikely that a named insured would purchase the required $500,000 of underlying coverage for such a remote relative or designate a remote relative as the primary driver." And in view of the way this contract was drafted, as well as the fact that by design umbrella and underlying policies often have the same scope, it is certainly reasonable for the father to expect that a relative identified in and insured by the underlying policy is also an insured in the umbrella policy.

In short, it is very difficult for the average person to read this policy and understand what is going on. For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.