THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jennie Wright Taylor, by and through Margaret Derrick, her Attorney in Fact, Respondent,
 
 
 

v.

 
 
 
 Bank of America Corporation f/k/a The Citizens and Southern National Bank of South Carolina, Appellant.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch , Circuit Court Judge

Unpublished Opinion No. 2006-UP-290
Heard May 31, 2006  Filed June 22, 2006

AFFIRMED

 
 
 
 William Stevens Brown, of Greenville, for Appellant.
 James C. Cothran, Jr., Robert M. Holland, for Respondent.
 
 
 

PER CURIAM: In this breach of contract case, Bank of America Corporation (the Bank) appeals the trial courts order, arguing the trial court erred in failing to hold the statute of limitations barred Derricks claim and in shifting the burden of proof to the Bank.  We affirm.
FACTS
On April 11, 1990, Taylor deposited $15,000.00 with the Citizens and Southern National Bank of South Carolina (C&S) through a certificate of deposit (the CD).  Every thirty days, the CD matures and automatically renews.  The CD contains several disclosures, one of which provides that the owner will want to keep [his or her] CD in a safe place, since receiving a replacement will require [the owner] to give [C&S] satisfactory proof of loss and/or security.  
In 1994, Derrick, Taylors daughter, became Taylors attorney-in-fact, in response to Taylors erratic actions after the death of her husband.  In 1995, Taylor moved to a nursing facility.  By 1997, Derrick handled almost all of Taylors financial transactions, including her federal income tax returns.  
In the meantime, C&S, through a series of mergers, became Bank of America.  In 2001, Derrick discovered the CD.  Derrick presented the CD to the Bank for redemption, and the Bank refused to pay, asserting it had no information on the account.  On February 18, 2002, Derrick filed a complaint alleging the Bank breached its contract with Taylor by refusing to pay pursuant to the terms of the CD.  The Bank answered, denying the allegations in the complaint, arguing the statute of limitations barred Derricks cause of action, and asserting several other affirmative defenses.  
The trial court held a non-jury trial on August 24, 2004.  Loubell Graham, the Banks employee, testified that a microfiche printout produced from the Banks corporate offices indicated the CD was closed out on December 7, 1990.[1]  She also testified that it was the Banks practice to send monthly statements and annual tax documents to CD holders.  Derrick testified she had not received any statements or tax documents regarding this CD.  Additionally, Graham explained that a customer could redeem a CD by presenting an affidavit stating the customer lost the CD and by posting a bond to protect the Bank against fraudulent redemptions.  The Bank could not produce an affidavit from Taylor showing the CD was redeemed, and Graham noted federal law only required the Bank to hold records, including such affidavits, for ten years after the CD closed.[2]  
The trial court held Derrick proved a debt, the Bank failed to prove payment of the debt, the statute of limitations did not bar Derricks cause of action, and the Bank failed to establish any affirmative defenses.  The Bank made a motion to reconsider, which the trial court denied.  This appeal followed.
STANDARD OF REVIEW
A breach of contract action seeking damages is an action at law.  Conway v. Charleston Lincoln Mercury, Inc., 363 S.C. 301, 305, 609 S.E.2d 838, 841 (Ct. App. 2005).  When reviewing an action at law, on appeal of a case tried without a jury, the appellate courts jurisdiction is limited to correction of errors at law.  Epworth Childrens Home v. Beasley, 365 S.C. 157, 164, 616 S.E.2d 710, 714 (2005).  
LAW/ANALYSIS

I. Statute of Limitations
The Bank contends the trial court erred in failing to apply the statute of limitations to bar Derricks cause of action.  We disagree.
A plaintiff must bring a breach of contract action within three years of the breach.  S.C. Code Ann. § 15-3-530(1) (Supp. 2005); see Maher v. Tietex Corp., 331 S.C. 371, 376, 500 S.E.2d 204, 207 (Ct. App. 1998) (An action for breach of contract must be brought within three years from the date the action accrues.).  The discovery rule determines the date of accrual for a breach of contract action. Santee Portland Cement Co. v. Daniel Intl Corp., 299 S.C. 269, 273, 384 S.E.2d 693, 695 (1989), overruled on other grounds by Atlas Food Sys. and Servs., Inc. v. Crane Natl Vendors Div., 319 S.C. 556, 462 S.E.2d 858 (1995).  Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence.  Maher, 331 S.C. at 376, 500 S.E.2d at 207.
Bank argues the contract was breached, if at all, when it closed out the account on December 7, 1990.  A bank employee testified Banks current normal practice is to send bank statements and tax forms depicting interest earned for open accounts.  Bank maintains Taylor and Derrick had notice of the breach because they would not have received statements or tax forms after the Bank closed the account; therefore, they should have discovered the breach through the exercise of reasonable diligence.  
The trial court found the microfiche records the Bank presented to show it closed out the account on December 7, 1990, did not show that any specific action was taken on that date, but merely indicated that no activity was recorded on the account after that date.  The trial court noted that the CD renewed automatically, and the only other evidence demonstrated that Derrick had the original CD in her possession.  Therefore, the trial court found the breach occurred when Derrick attempted to redeem the CD in September 2001 and the Bank refused to make payment.  Because Derrick filed the suit five months later, the trial court found the statute of limitations did not bar the claim.         
According to our standard of review, the trial judges findings of fact are equivalent to a jurys finding in a law action, and the appellate court will not disturb the trial courts findings of fact unless the findings are wholly unsupported by the evidence.  King v. PYA/Monarch, Inc., 317 S.C. 385, 388-89, 453 S.E.2d 885, 888 (1995); Gordon v. Colonial Ins. Co., 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).  The appellate court will not disturb the trial judges findings of fact that depend on the credibility of the witnesses.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 542 (1981); see also Kiriakides v. Atlas Food Sys. & Servs., Inc., 343 S.C. 587, 594, 541 S.E.2d 257, 261 (2001) (It is not for the appellate court to weight the evidence.).  
Our review of the record indicates there is evidence to support the trial courts findings.  Graham, the Banks representative, testified regarding the microfiche records.  Graham stated she had no direct knowledge regarding the entry made on the microfiche, and that she was interpreting the microfiche codes using a key.  The microfiche record showed that the account history ended on December 7, 1990, and Graham opined the account was closed out on that date; however, the evidence did not conclusively show what action the Bank took on that date.  Additionally, even if the Bank closed the account in 1990, there was no evidence that Taylor or Derrick received notice.  Although Graham testified that the Bank routinely sends out statements and tax forms for CDs, there is no evidence in the case at bar that any such documents were ever provided to Taylor or Derrick.    
Accordingly, we find no error in the trial courts finding that the statute of limitations clock for Derricks claim began to run in September 2001 when she received notice of the Banks breach of the contract.  Derrick filed the instant action in February 2002; therefore, the three year statute does not bar the claim.  
II. Burden of Proof
 The Bank argues the trial court erred in shifting the burden of proving payment of the CD to the Bank.  We disagree.
Payment is an affirmative defense that must be pled by the party asserting it.  Rule 8(c), SCRCP; First Serv. Corp. of S.C. v. Cape, 299 S.C. 147, 150, 382 S.E.2d 919, 921 (1989).  When a defendant asserts an affirmative defense, he becomes the actor in the suit as to that matter; therefore, he has the burden of proving it by a preponderance of the evidence.  Cole v. S.C. Electric and Gas, 355 S.C. 183, 195, 584 S.E.2d 405, 412 (Ct. App. 2003) (citation omitted).    
It is clear from our review of the record that Bank was essentially asserting the affirmative defense of payment by arguing the CD was redeemed in 1990.  Although the trial court did not expressly mention the affirmative defense of payment in its order, the trial court implicitly applies the doctrine in reaching its decision.        
In a breach of contract action the plaintiff must prove: (1) a binding contract entered into by the parties, (2) a breach or failure to perform the contract, and (3) damage suffered by the plaintiff as a direct and proximate result of the beach.  Fuller v. Eastern Fire & Cas. Ins. Co., 240 S.C. 75, 85, 124 S.E.2d 602, 610 (1962).  The trial court found Derrick made out a prima facie case for breach of contract.  Derrick had a valid contract as evidenced by the CD, which she had in her possession, the bank refused to perform its duty to pay when she presented the CD for redemption, and she lost over $15,000 as a result.  Once Derrick met the burden of proving each element of breach of contract, Bank had the burden of proving the affirmative defense that it paid the debt, and the Banks only witness, Graham, testified that she had no information Derrick or Taylor ever received the funds from the CD.  Therefore, we find no error in the trial courts ruling requiring the Bank to prove payment as an affirmative defense.       
CONCLUSION
We hold the trial court properly found the statute of limitations did not bar Derricks cause of action.  Additionally, we hold the trial court correctly applied the burden of proof with respect to payment of the CD.  Accordingly, the trial courts order is 
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] Graham interpreted the microfiche using a list of codes the trial court would not admit into evidence.  
[2]  The Bank noted in its brief that Federal Regulations only require it to maintain records of closed CD accounts for five years.  See 31 CFR § 103.38(d).