THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte: 
 Brandon Smith,
 as Personal Representative of the Estate of Tracy Smith, Deceased, Appellant,
 v.
 Auto-Owners
 Insurance Company, Respondent,
 
 In Re: 
 Lewis Lesesne
 Scott, Plaintiff,
 v.
  
 Wayne K.
 McGraw, Jr., Defendant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2008-UP-004
Submitted December 1, 2007  Filed January
 2, 2008
AFFIRMED

 
 
 
 Daniel Lawrence Prenner, of Charleston, for Appellant.
 Robert Eric Davis, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  In this
 action to recover under a policy of underinsured motorist coverage, the Estate
 of Tracy Smith (the Estate) argues the statutory definition of insured does
 not restrict an insured to living in one household for purposes of insurance
 coverage.  We affirm.[1]
FACTS
Ernest
 and Brenda Smith (collectively the Smiths) purchased land in Spartanburg County and established a residence there (the Spartanburg County home) in the
 1970s.  Later, the Smiths subdivided some of the acreage and deeded ownership
 of ten acres to each of their four sons.  Ernest retained, in his name alone,
 ownership of this home and the land immediately surrounding it.  In 1989, while
 still living at the Spartanburg County home, the Smiths purchased a second home
 in Laurens County (the Laurens County home).  
The
 Smiths lived at the Spartanburg County home, periodically visiting the Laurens County home as their summer home.  When Brenda Smith retired in November of 1999,
 she moved to the Laurens County home.  While he visited his wife in Laurens County on occasion, Ernest Smith continued to work full-time and to live at the Spartanburg County home.  Ernest Smith retired in March of 2003 and moved to the Laurens County home with Brenda.  However, Ernest Smith continued to work part-time in Spartanburg County after his retirement.  Ernest occasionally stayed in the Spartanburg County home when working and kept some personal items and clothing there.  Ernest
 did not have his drivers license updated to reflect his Laurens County address.  However, Ernest stated he considered [his] household after March 2003 to be
 with [his] wife at the Laurens County home.  
Tracy
 Smith was the Smiths 42-year-old son.  In May of 2004, Tracy was living in the
 Spartanburg County home.  He would occasionally visit his parents at the Laurens County home, but he did not live there.  On May 24, 2004, Tracy was a passenger in
 an automobile owned and driven by Wayne K. McGraw, Jr.  McGraws vehicle
 collided with Lewis Lesesne Scotts vehicle, and Tracy was killed in the
 accident.  Tracy had no automobile insurance at the time of his death.  
At
 the time of Tracys death, the Smiths owned and paid taxes on the Spartanburg County home.  They did not maintain insurance on that home.  The Smiths insured
 their automobiles through the Auto-Owners Insurance Company (Auto-Owners).  The
 automobile insurance policy listed the Laurens County home as the Smiths
 residence.  
After
 the wreck, Scott sued McGraw.  Tracys son, Brandon Smith, intervened on behalf
 of the Estate and subsequently joined Auto-Owners as a defendant.  Scott and
 McGraw settled with each other and with the Estate and are not parties to this
 appeal.  The Estate and Auto-Owners submitted the issue of whether Tracy Smith
 qualifies as an insured under Ernest and Brenda Smiths underinsured motorist
 coverage to the trial court for determination.  In an order dated September
 28, 2006, the circuit court ruled Tracy Smith was not an insured party under
 his parents policy.  This appeal followed.  
STANDARD OF REVIEW
The
 determination of coverage under an insurance policy is an action at law.  Nationwide
 Mut. Ins.Co. v. Prioleau, 359 S.C. 238, 241, 597 S.E.2d 165, 167 (Ct. App.
 2004); see also Kizer v. Kinard, 361 S.C. 68, 71, 602 S.E.2d 783,
 785 (Ct. App. 2004) (determination of whether underinsured motorist coverage
 applies is an action at law).  In an action at law, tried without a jury, the
 appellate court standard of review extends only to the correction of errors of
 law.  Pope v. Gordon, 369 S.C. 469, 474, 633 S.E.2d 148, 151 (2006).  We
 will not disturb the trial courts findings of fact unless those findings are
 wholly unsupported by the evidence or controlled by an erroneous conception or
 application of the law.  Gordon v. Colonial Ins.
 Co. of Cal., 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).
The
 determination of resident relative status is a question of fact, and thus, we
 will not disturb the circuit courts ruling if the record contains any evidence
 supporting it.
LAW/ANALYSIS
Estate
 argues the circuit court erred in ruling Tracy Smith was not an insured
 resident of Ernests household in Spartanburg County.  We do not reach the
 merits of this issue because it is not preserved for our review.  
An
 issue must be raised and ruled upon by the trial court to be preserved for
 appeal.  Harkins v. Greenville County, 340 S.C. 606, 620, 533 S.E.2d
 886, 893 (2000); IOn v. Town of Mount Pleasant, 338 S.C. 406, 421, 526
 S.E.2d 716, 724 (2000) (stating parties should raise all necessary issues and
 arguments to trial court and attempt to obtain a ruling).  While the circuit
 court heard and ruled on the broader issue of whether Tracy qualified as an
 insured under the Smiths policy, it did not rule on the issue of whether
 Ernest maintained two households.  Additionally, the record does not reflect that
 the Estate filed a Rule 59(e), SCRCP, motion for reconsideration requesting a
 ruling on this issue.  Accordingly, appellate review of this issue would be
 improper.   
CONCLUSION
While
 the circuit court ruled Tracy was not an insured under his parents automobile
 policy, the issue of whether he qualified as an insured resident of Ernests
 household in Spartanburg County is not preserved for appellate review.  Accordingly,
 the order of the circuit court is 
AFFIRMED.
HUFF and PIEPER, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.