THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Auto-Owners
 Insurance Company, Appellant,
v.
Joseph Gordon
 Long, Bruce A. Carter, Administrator of the Estate of Martha Jean Carter, and
 GMAC, Defendants,
Of whom Bruce
 A. Carter, Administrator of the Estate of Martha Jean Carter is the Respondent.
 
 
 

Appeal from Anderson County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No.  2012-UP-005
Heard December 6, 2011  Filed January 4, 2012

AFFIRMED

 
 
 
Dominic Allen Starr, of Myrtle Beach, for Appellant.
Joseph S. McCue, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Auto-Owners Insurance Company appeals from the circuit
 court's determination that the use of a vehicle it insures was causally
 connected to a collision.  We affirm.  
Auto-Owners
 acknowledged that its insured's towed vehicle was "in use" when the
 collision occurred.  As a result, the only question before the circuit court was
 whether a causal connection existed between the vehicle's use and the collision
 that caused Martha Jean Carter's injuries and subsequent death.  
At
 the time of the collision, Joseph Long was driving a motor home, insured by
 GMAC, and the motor home was towing a Saturn automobile, insured by
 Auto-Owners.  The motor home, tow bar, and Saturn comprised a single vehicular
 unit that was over 50 feet long.  Mr. Long had entered the intersection and was
 attempting to make a left turn onto Northbound US 76 (a four-lane highway
 divided by a 28-foot median) when a collision occurred between Mr. Long's
 vehicular unit and Mrs. Carter's 1996 Chevrolet Suburban SUV.  
We
 agree with the circuit court's ruling that Mr. Long's use of the Saturn was
 causally connected to the accident because the Saturn and the attached tow bar added
 over 16 feet to the total length of the vehicular unit: when the vehicles
 collided, Mr. Long's vehicular unit was blocking the majority of Southbound US
 76the direction in which Mrs. Carter was traveling.  Mr. Long's vehicular unit
 was blocking over half the outside, 11-foot, Southbound lane; the entire inside,
 11-foot, Southbound lane, in which Mrs. Carter was traveling; the entire inside,
 10-foot, Southbound turning lane; and 23 feet of the 28-foot median separating
 Southbound and Northbound traffic.  As a witness testified: "At the time
 of the impact, the motor home and Saturn blocked so much of the roadway that M[r]s.
 Carter had nowhere to maneuver to avoid hitting the motor home." 
Accordingly,
 we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Gordon
 v. Colonial Ins. Co. of Cal., 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct.
 App. 2000) (stating the law of the state in which the insurance policy is
 issued controls the court's interpretation of that policy);[1] State Capital Ins. Co. v. Nationwide Mut. Ins. Co., 350 S.E.2d 66, 69 (1986)
 (emphasis added) ("[T]he test for determining
 whether an automobile liability policy provides coverage for an accident is not whether the automobile was a
 proximate cause of the accident.  Instead, the test is
 whether there is a causal connection between the use of the automobile
 and the accident."). 
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.

[1]  Here, because Long's Auto-Owners policy was
 issued in North Carolina, the parties stipulated that North Carolina law
 governs the court's interpretation and application of the Auto-Owners policy.